GENERAL EXCHANGE INSURANCE COMPANY *v.* NORVILLE.

4-5614 132 S. W. 2d 789

Opinion delivered November 6, 1939.

*Barber & Henry,* for appellant.

*Bates & Poe* and *J. F. Quillin,* for appellee.

HUMPHREYS, J. Appellee instituted this suit against appellant in the circuit court of Scott county to recover damages for the total loss of a Buick 1938 automobile, model 4-door sedan, body type No. 41, owned by him, occasioned by an upset or fire that damaged the car so that it could not be repaired and thereby restored to its value prior to said damage. It was alleged in the complaint that appellant issued to him an insurance policy conditioned that it would pay him the value of the car in case it was damaged by an upset or fire so that it could not be repaired and thereby restored to its

condition prior to said damage, and further alleged that prior to the upset and fire the car was of the value of $825 and that the accessories thereon were of the value of $92, and prayed for a judgment for $917, less $50 deductible under the provisions of the policy, with a 12 per cent. statutory penalty and a reasonable attorney's fee.

Appellant filed an answer admitting the issuance of the policy which it alleged contained the following limitation on its liability, to-wit:

"Limitation of liability and method of determining same.

"This company's liability for loss or damage to the automobile described herein shall not exceed the actual value thereof at the time any loss or damage occurs, but in no event shall it exceed the actual cost to the purchaser—assured named herein, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused, and without compensation for loss of use, and shall in no event exceed the limits of liability, if any, stated herein, nor what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality; such ascertainment or estimate shall be made by the assured and this company, or if they differ, then by appraisal as hereinafter provided . . ."

It denied that the automobile was damaged by the upset and fire so that it could not be repaired and thereby restored to its alleged value prior to said damage, but, on the contrary, alleged that the damage thereto was only $220.90 and, if made, would restore the car to its value at the time it was damaged. It also alleged that it had offered to make the repairs or to pay for making them which offer was refused by appellee; and by way of further answer, it stated that when and after the appellee refused to allow the appellant to repair the car with parts of like kind and quality, the other beneficiaries named in the policy demanded payment under the terms thereof, and that the defendant paid the other beneficiaries, under the terms of the policy, $170.90, being

the amount of the damage to the automobile, less the $50 deductible.

The prayer of the answer was for a dismissal of the complaint with appellant's costs.

At the beginning of the trial it was agreed by the parties to this action that appellee was the owner of the car; that the car was upset and caught fire on highway No. 270 in Scott county; that appellant offered to repair the car or replace the automobile or parts thereof with other of like kind and quality; that the Creason Buick Company and the General Motors Acceptance Corporation were also insured under said policy and that the testimony to be introduced should go to the extent of the damages to said car.

At the close of the testimony the appellant asked that the court instruct a verdict for it which request was refused over appellant's objection and exception.

The cause was then submitted to a jury upon the agreement, the evidence and instructions of the court which resulted in a verdict and consequent judgment in favor of appellee against appellant for $600, from which is this appeal.

According to the testimony, the automobile cost appellee approximately $1,500 and was practically new at the time he bought it, having been used by Creason Buick Company for demonstrative purposes only and the body of same was constructed of steel. At the time it was upset the value of same was approximately $900.

Appellee testified that at the time of the accident the car turned over once and around and over on its back on the top and that the motor was burning at the time he crawled out and continued to burn for about thirty minutes; that the left side of the car was demolished and that the running gear was damaged so that it had to be towed to the garage of Denton-Hughes Motor Company, in Waldron; that it was not in condition to operate on its own power after the accident; that there was some molasses on the seat cover; that he was not a mechanic.

Aleck Lindsay, a witness for appellee, testified in response to several hypothetical questions relative to

the condition of the automobile after the accident, that in his opinion the automobile could not be repaired, and restored to its condition prior to the accident.

This witness was a mechanic, but did not see the car after the accident.

J. E. Smith, who was a mechanic and machinist, and who worked for Denton-Hughes garage at Waldron and who picked up and brought the car to said garage at the request of appellee, testified that when appellee requested him to get the car he told him that it had turned over and burned up; that he found the car lying kind of diagonally across the road with the left side against the bank on a curve, lying on the left side with the top next to the bank; that he turned it back over, turned it into the road and brought it to the garage; that the fire had been confined to the carburetor and wires and that neither the motor nor the body was burned in any way; that he made a test by supplying a little gasoline and found that nothing was wrong with the motor; that the left fender was crushed and that the glass in the doors on the left was broken; that the paint on the hood was injured by the fire, but that the damage by fire was to the wires and carburetor and not to any other part of the car; that the car could have been repaired by replacing parts of like kind and quality.

Appellant introduced four witnesses who were skilled mechanics, experienced in repairing cars, all of whom stated, after examination of the car, that it could be repaired and restored to its value prior to the accident at an expense for parts and labor not to exceed $220. These mechanics made estimates of the cost for repairing the car and restoring it to its condition at the time just prior to the accident including items for new parts and items of labor in repairing same. They all stated that the motor was not damaged and included in their estimate the cost of a new carburetor. Three photographs were taken of the car after the accident, one showing the front end of the car, another showing the right-hand side of the car and the other the left-hand side of the car. The only injury disclosed to

the front part of the car was that the fender was bent, the one showing the right-hand side of the car showed it to be in perfect condition. The one showing the left-hand side of the car showed that the windows in the doors were broken out, the handles knocked off and some dents just above the windows in the two doors and two slight dents in the back door below the handle and one scar or damaged spot on the back part of the hood above the carburetor and a little damage to the running board. It also showed that some of the paint just above the doors was cracked off. There was no marked difference in the testimony of the experienced mechanics as to the extent of the injury to the car and the physical condition of the car as represented by the photographs was in accord with the testimony as to the damaged parts or places on the car. It is quite apparent from the photographs that the damage to the body of the car could have been repaired and when considered in connection with the testimony of the four practical and experienced mechanics relative to the extent of the damage by actual observation, the conclusion is irresistible that the car was only partially damaged and in such a way that it might be repaired and restored to its condition at the time of the accident. Appellee was not a mechanic and his testimony to the effect that the motor of the car had burned up can not be regarded as substantial and the testimony of Aleck Lindsay in answer to a few hypothetical questions was wholly improbable and unsubstantial in view of the fact that he did not see or examine the car after the accident. We think the substantial evidence in the case relative to the extent of the damage to the car might well be regarded as undisputed, and, so regarding it the trial court should have found as a matter of law under the evidence that the automobile was not a total loss and should have given the peremptory instruction requested by appellant to dismiss appellee's action. Appellee predicated his claim for damages on his allegation that the car was damaged to such an extent that it could not be repaired and restored to its condition at the time of the accident. He refused to accept any amount except the value of the car in

money at the time of the accident on his theory that it was a total loss under the terms of the policy.

When he refused to allow it to be repaired or to allow appellant to pay for the repairs his co-beneficiaries in the policy, one of whom had sold appellee the car on time and one of whom financed the deal, demanded that appellant pay them the damage to the car and appellant paid them the estimated cost of repairs to same less the $50 deductible under the terms of the policy.

Appellee seems to have abandoned the car and the record does not disclose who has it except that it is in a garage or was in a garage at Hot Springs.

On account of the error indicated, the judgment is reversed, and the cause is dismissed.

MEHAFFY, J., dissents as to the dismissal.