HOME INSURANCE COMPANY *v.* SPRINGDALE MOTOR COMPANY.

4-5984                                                        141 S. W. 2d 522

Opinion delivered June 10, 1940.

—PAGE 893].

*O. E.* and *Earl N. Williams,* for appellant.

*G. T. Sullins,* for appellee.

SMITH, J. The Springdale Motor Company operates an automobile and truck service and sales agency at Springdale. It sold W. L. Villines a new truck, and took in an old one in part payment. An allowance of $261.50 was made for the old truck, leaving a balance due on the new one of $887.82. The transaction was evidenced by a "Conditional Sales Contract," under which the title was reserved until the purchase price had been fully paid by installment payments, which were to be made to the Universal Credit Company, to which company the contract was immediately or contemporaneously transferred and assigned. The motor company indorsed the contract with recourse and. guaranteed the payment thereof. As a part of the contract of sale a fire insurance policy was taken out on the new truck in the Home Fire Insurance Company of New York, with loss payable to the credit company only, to be adjusted with the purchaser assured as the interests of the parties might appear, when a fire loss occurred.

The sale was made March 4, 1938, and the truck was burned April 20, 1938. The insurance company denied liability upon the policy which it had issued on several grounds, chiefly that if Villines had not set the truck afire he had negligently failed to extinguish this fire after it had originated.

We have very recently held that something more than mere negligence on the part of the insured in causing a fire, or in failing to extinguish it, is required to exonerate the insurer from liability, and that there must be willfulness in one or the other of these respects before the insurer's liability is discharged. *Farmers' Union Mutual Ins. Co.* v. *Jordan, ante* p. 711, 140 S. W. 2d 430.

It is insisted that the testimony here shows, not only willfulness, but would also support a finding that the fire was of incendiary origin. The two circumstances tending most strongly to support these contentions are that

Villines left the state soon after the fire, and that before the fire occurred he had removed the new wheels and casing from the truck and had replaced them with old ones of but little value. There may be some connection between these circumstances, but it was shown by Coy Scroggins, deputy postmaster at Compton, that he wanted to take a truck load of cedar poles to Des Moines, Iowa, and that he rented the wheels on the new truck for a period of two weeks for $20, to be used on his old truck. The fire occurred while they were being so used.

The lower court did not find—nor do we—that the fire was of incendiary origin or that Villines willfully failed to extinguish it.

After the fire occurred the credit company called upon the motor company to make good its guaranty of payment, and this the motor company did, whereupon the credit company assigned the insurance policy to the motor company, which latter company brought this suit upon the insurance policy. Villines was made a party to this suit, but as to him constructive service only was had by the publication of a warning order. No judgment was rendered against Villines, but a judgment was rendered against the insurance company in favor of the motor company for the face of the policy, less certain credits later to be discussed, and this appeal is from that judgment or decree.

It is insisted for the reversal of this decree that there was no privity of contract between the motor company and the insurance company, and that the court erred in granting subrogation to the motor company of the rights of the insured under the insurance policy.

As has been said, the policy was issued to Villines and the credit company, but, as has also been said, it was payable, in case of loss, to the credit company for its account and for that of Villines as their respective interests appeared. This right of disbursement was granted to the credit company, but the credit company required the motor company to pay the balance of purchase money due on the contract. The motor company

was not a volunteer in making this payment, but was discharging a contractual obligation. The insurance policy was a part of the security for the payment of the purchase money due on the truck, the title to which had been reserved by the motor company. Upon the reassignment of the sales contract to the motor company, it reacquired the title which it had originally reserved. The title to the truck was at all times in either the motor company or the credit company, and when the motor company paid the credit company the balance due on the truck and took an assignment both of the sales contract and of the insurance policy, it became entitled to apply the proceeds of the insurance policy to the purpose for which it was intended. Now, Villines did not assign his interest in the insurance policy, but under its terms the credit company had the right to apply the proceeds thereof to the payment of any balance due on the truck. Villines had no interest in the proceeds of the policy until after the purchase price of the truck had been paid. As the owner of the sales contract, the motor company had the right—certainly after the assignment to it of the insurance policy—to sue thereon.

Judgment was rendered against the insurance company in the sum of $504.40, and it is insisted that this is excessive, in that the policy provided that the insurer should not be liable for any sum in excess of the amount necessary to repair the truck and put it in as good condition as it was at the time of the fire, which is said to be only $246.96. There was testimony to the effect that new parts required could have been purchased and installed for $246.96, but there was also testimony to the effect that the salvage value of the truck after the fire did not exceed $100, and that had it been repaired its value would not have been more than three or four hundred dollars. It is insisted that appellant insurance company is liable only for the cost of the new parts, amounting to $246.96. But, as stated, the testimony is to the effect that the new parts would not have restored the truck to its condition at the time of the fire, and that the difference in value was as great or greater than the ver-

dict of the jury. *General Exchange Insurance Corporation* v. *Norville,* 199 Ark. 115, 132 S. W. 2d 789.

The policy provided for the deduction of 2 per cent. per month in the value of the truck, and that deduction, amounting to $27.60, was made. The court also deducted the value of the wheels and casings which had been removed, amounting to $319, and allowed the salvage value of the truck, shown to be $100. These three items totaled $446.60. This amount was deducted from the face of the policy, which was $951, and judgment was rendered for the difference, which is $504.40. This finding does not appear to be contrary to the preponderance of the evidence, and it is, therefore, affirmed.