4-6321                                    150 S. W. 2d 53

Opinion delivered April 21, 1941.

*Verne McMillen,* for appellant.

*Luther H. Cavaness* and *H. J. Denton,* for appellee.

HOLT, J.   Eugene Horn brought suit to recover under a policy of fire insurance issued to him [with lien to the Universal Credit Company], covering loss, or damage, by fire to a 1940 Ford truck.   He asked for judgment against appellant, Service Fire Insurance Company, for $600, less deductions as provided for in the policy or such lesser amount as the jury may find from the testimony adduced he may be entitled to recover, together with penalty of 12 per cent., attorney's fee, and costs.   The insurance policy was made a part of the complaint and contained the provision that the amount for which the company shall be liable "shall in

no event exceed . . . what it would then cost to repair the automobile or parts thereof with other of like kind and quality.''

The answer admitted that the insurance policy was in full force and effect at the time of the fire, but alleged that under the terms of the policy its liability was limited to what it would cost to repair or replace the automobile or parts thereof with other of like kind and quality, and that after the loss occurred, the cost to repair or replace the damaged parts with like kind or quality would not be in excess of $306.10, and offered to pay this amount to appellees.

Just before the trial of the cause in the court below, a stipulation was entered into between Horn and the Universal Credit Company in part as follows (quoting from appellant's brief): ''It is stipulated by and between the plaintiff, Eugene Horn, and Universal Credit Company that Eugene Horn is indebted to Universal Credit Company in the sum of $521.20; that any sum recovered in this cause by plaintiff, Eugene Horn, against Service Fire Insurance Company shall be applied toward the discharge and satisfaction of the indebtedness of Eugene Horn to Universal Credit Company up to $521.20 and any balance to be paid to Eugene Horn.''

Following this stipulation, the cause proceeded to trial before a jury between appellee, Horn, and appellant fire insurance company, and there was a verdict for appellee, Horn, in the amount of $587.35. The trial court refused to assess a penalty or to allow an attorney's fee.

Appellant has appealed from the judgment against it and appellee has cross-appealed from the order of the court refusing to assess the statutory penalty and attorney's fee.

Appellant contends that ''The only question to be determined on this appeal is whether there is any competent evidence to support the finding of the jury that the damage to the truck amounted to $587.35. It is the contention of appellant that the only competent evidence

as to the cost to repair the truck was that it could be repaired for $306.10.''

The record reflects that the policy of insurance was dated October 19, 1939, and the fire occurred January 2, 1940. Horn purchased the Ford truck new, and had owned it approximately two months when the fire occurred. The amount of the insurance policy was $998, less two per cent. per month. Horn paid $1,118.91 for the truck, which included insurance and finance charges.

Appellee, Horn, testified that he had driven trucks since 1925 and had bought all the parts about them, including motors; that a motor costs $121, the gasoline tank $21, gasoline tank gauge $1.85, cab assembly $142, and frame $180; that after the fire the truck could not be repaired and put in as good condition as before the fire without a new motor, new frame and the parts listed above, and that the cost of parts did not include the necessary wiring or labor for installing them.

As to the extent of the fire, appellee, Horn, testified that the truck burned in zero weather, the frame was ''white'' hot in places, burned the wires that ran to spark plugs; burned the battery, saw the oil burning; and that there was no part about the truck that was not damaged by the fire, except the radiator and front wheels and the springs from the transmission to the rear end. When he reached the truck after the fire started, it was in flames all over. About thirty cedar posts that were on the truck burned at the time which made the fire more intense. Appellee had only driven the truck 2,203 miles before the fire and owed a balance of $600 on it. He had made considerable car repairs, had a knowledge of mechanics over a period of years, repaired his own trucks, putting on and replacing parts. At the time of the fire the ninety-day guarantee of the Ford Motor Company lacked approximately thirty days of expiration.

Josh Tolliver testified that he had had ten years' experience as a mechanic, viewed the truck, motor, transmission and frame, but did not tear transmission and motor down. He had had occasion to repair burned

trucks and made an estimate of the cost to repair the truck in question and fixed the amount at $775. On cross-examination this witness was asked the cost for four of the major items necessary which he gave as $511.50, not including wiring and labor.

Another witness on behalf of appellee testified that he witnessed the burning of the truck and that the fire raged intensely for more than forty minutes. Other witnesses gave testimony tending to corroborate appellee as to the damage to the truck, and V. M. Phillips testified: ". . . everything that wasn't metal was burned up. It scaled the paint off, and it looked like to me it was entirely ruined."

Appellant's witness, T. J. McCabe, testified: "If a frame gets hot enough, they will damage beyond repairing. I didn't think that was hot enough because the paint had not been burned off the frame. It had been burned off in a few places." On cross-examination this witness testified that he did not include a new hood in list and that everything that showed evidence of damage was put on the first list. "They wanted an estimate of what we thought would put it in serviceable condition. Q. Would you put that in serviceable condition and give him a guarantee for thirty days for that price ($305.10)? A. No, sir, I wouldn't give him a guarantee."

The court permitted the jury to view the truck in question.

Without attempting to abstract more of the testimony, we have reached the conclusion that the above testimony was substantial and ample upon which to base the jury's verdict. It has long been the settled rule of this court that a judgment will not be reversed where there is any substantial evidence to support it when the evidence is viewed in the light most favorable to the party in whose favor the judgment is rendered. *Southern Lumber Company* v. *Green,* 186 Ark. 209, 53 S. W. 2d 229.

Appellant earnestly insists that this cause is controlled by *G. E. I. C.* v. *Norville,* 199 Ark. 115, 132 S. W.

2d 789. We do not think so. In that case the damage to the automobile was occasioned by an upset. The fire damage there was inconsequential. In that case four expert mechanics testified that the car could be restored to its value prior to the damage at an expense for parts and labor not to exceed $220 and there was no substantial evidence to the contrary.

Here the damage to the truck was occasioned by a fire that burned intensely for more than forty minutes and, as indicated, we think the amount of the recovery is supported by substantial testimony.

The record reflects that on appellee Horn's prayer for a 12 per cent. penalty and attorney's fee, the court made the following order: "Having demanded more than he recovered, the plaintiff is not entitled to the benefit of § 7670 of Pope's Digest. It is, therefore, ordered by the court that plaintiff recover nothing on his claim for penalty and attorney's fee."

We think no error was committed here. Section 7670, Pope's Digest, as amended by act 71 of the Acts of 1939 does not entitle the plaintiff to the benefit of the statute where he demands more than he recovers. *Pacific Mutual Life Ins. Co. v. Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764.

From the prayer of plaintiff's complaint, *supra,* the amount of recovery sought is too indefinite to warrant the assessment of penalty and attorney's fee.

The judgment is affirmed on direct appeal and on cross-appeal.