## MFA INSURANCE COMPANY *v.* CITIZENS NATIONAL BANK of Hope, Arkansas, a corporation

76-202                                            545 S.W. 2d 70

Opinion delivered January 10, 1976
(Division I)

*Graves & Graves,* by: *Albert Graves, Jr.,* for appellant.

*McMillan, Turner & McCorkle,* by: *Otis H. Turner,* for appellee.

FRANK HOLT, Justice. In a suit on an insurance contract brought by appellee, the trial court, sitting as a jury, awarded appellee a judgment for $3,450, plus 6% interest, 12% penalty and $1,000 attorney's fee. The insured (not a party here) had purchased an automobile with a loan from appellee bank which was named as loss payee on the policy. The purchaser made no payments and the appellee bank took possession after the automobile was damaged by fire. Appellant tendered payment for the damages based on the cost of repairs. Appellee refused and filed suit alleging it was entitled to recover the difference in the market value of the automobile before and after the fire since the car was "almost totally destroyed by fire." For reversal of the judgment for appellee, the appellant asserts the trial court erred in applying the "before and after values" method in determining the measure of damages in this contract action.

The contract of insurance contains a provision which states:

> 10. Limits of Liability - **** the limit of the Company's liability shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof, the actual cash value of such part at the time of the loss, nor what it would then cost to repair or replace the property or such part thereof *with other of like kind and quality,* less depreciation . . . . (Italics supplied.)

Appellant argues that its liability is limited to the cost of repairing the automobile. Appellant relies upon *Unigard Insurance Co. v. Wish,* 254 Ark. 832, 496 S.W. 2d 392 (1973), and *Tri-State Ins. v. McCraw,* 252 Ark. 1259, 483 S.W. 2d. 212 (1972), as typical cases in support of its argument. It is true that these cases hold that a limitation of liability as to property damage in an insurance contract is valid. The appellee acknowledges the validity of these provisions. However, it cites our cases as holding that the measure of damages is the difference in the market value of the vehicle immediately before and after the alleged damages. *Home Insurance Co. v. Springdale Motor Co.,* 200 Ark. 893, 141 S.W. 2d 522 (1940); *The Home Insurance Company of New York v. Williams,* 201 Ark. 460, 145 S.W. 2d 743 (1940); *Service Fire Ins. Co. v. Horn,* 202

Ark. 300, 150 S.W. 2d 53 (1941); *Motors Insurance Corp.* v. *Lopez*, 217 Ark. 203, 229 S.W. 2d 228 (1950); *Southern Farm Bureau Cas. Ins. Co.* v. *Gaither*, 238 Ark. 50, 378 S.W. 2d 211 (1964); and *Insured Lloyds* v. *Mayo*, 244 Ark. 802, 427 S.W. 2d 164 (1968). Suffice it to say that we do not deem *Unigard* and *Tri-State* controlling here. In these cases the issue was not presented, as here, whether the repairs to a fire damaged vehicle with parts of like kind and quality would restore the car to its former condition.

Here the appellee adduced evidence that the cost of repairs with parts of other like kind and quality would not restore the vehicle to its former market value. Therefore, a fact question existed as to the proper measure of damages. In our view this is the better rule and seems to have general approval by the text writers.

In Couch on Insurance 2d, Vol. 15, § 54:240, it is stated:

Where the repairs by the insurer under a collision policy did not substantially restore the automobile to its former condition and value, the proper measure of damages was the difference in the value before it was wrecked and the value after it was wrecked, repaired, and tendered to the insured.

In 7 Am. Jur. 2d, Automobile Insurance, § 192, p. 532, it reads:

Generally, the proper measure of recovery under an automobile collision insurance policy is the difference in value of the vehicle before and after the accident, at least if it is not practicable to repair the vehicle, less any amount stipulated in a deductible clause. **** In other cases, though, where the motor vehicle could be repaired, it has been held or recognized that, subject to the operation of the deductible clause, the measure of recovery is the cost of repairs, not in excess of the value of the vehicle before the accident and *providing the repairs restore the vehicle to its former market value.* (Italics supplied.)

The testimony of appellee's two expert witnesses was

that, even with repairs, the vehicle would not have the same market value ($5,000) as it did prior to the fire. Although appellant's own expert witness testified that the cost of repairs would be $1,370, he acknowledged that the loss in the market value of the vehicle was $2,200. Clearly, a fact question was made as to whether the repairs with parts of other kind and quality would or could not restore the vehicle to its prior value. There was substantial evidence supporting the trial court's finding that repairs would not restore the car to its previous market value.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.