THOMSON INC. n/k/a Technicolor USA, Inc., Appellant (Cross–Appellee),

v.

INSURANCE CO. OF NORTH AMER-ICA n/k/a Century Indemnity Co., et al., Appellees (Cross–Appellants).

No. 49A05–1109–PL–470.

Supreme Court of Indiana.

May 15, 2015.

### Published Order

This matter has come before the Indiana Supreme Court on petitions to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. *See Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982 (Ind.Ct.App.2014), *reh'g denied.* The Court has reviewed the decision of the Court of Appeals, and the submitted record on appeal, all briefs filed in the Court of Appeals, and all materials filed in connection with the requests to transfer jurisdiction have been made available to the Court for review. Also, the Court heard oral argument on the transfer petitions. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petitions.

Being duly advised, the Court DENIES the petitions to transfer jurisdiction, and the Clerk is directed to certify the Court of Appeals decision as final.

DICKSON, DAVID, and MASSA, JJ., concur.

RUSH, C.J., dissents to the denial of transfer with a separate opinion, in which RUCKER, J., joins.

RUSH, C.J., dissenting from the denial of transfer.

I respectfully dissent from the denial of transfer because, like Chief Judge Vaidik, I see no material difference between the policy language in this case and the similar language we interpreted in *Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049 (Ind. 2001). Simply changing "all sums" to "those sums," and placing "during the policy period" in the insuring clause rather than in the definition of "occurrence," does not *unambiguously* permit Thomson's various insurers to prorate coverage between themselves—and any ambiguity in that regard must be strictly construed against the insurer. There is also no principled method to calculate such a proration—only guesswork under the guise of "factfinding." We should not burden trial courts with that task based on policy language that is ambiguous at best.

### Background and Procedural History

A class-action lawsuit in Taiwan alleges that between 1970 and 1992, solvents used at a now-defunct television factory contaminated the groundwater, causing injury to employees who were exposed both at work and after-hours in the nearby worker dormitories. Among other things, the Taiwan suit seeks to hold Indianapolis-based Thomson, Inc. vicariously liable, based on its ownership of less than one-hundredth of one percent of the Taiwanese entity that operated the factory. The Taiwan entity has sold the factory and retains no significant assets, so Thomson is managing the cleanup efforts at the factory, and its general counsel oversees defense of the Taiwan litigation.

This case, by contrast, seeks declaratory judgment on the extent of coverage under various commercial general liability ("CGL") policies owned by Thomson between 1991 and 2007 for both damage indemnity and defense costs of the Taiwan

litigation. At issue is the coverage available to Thomson as the named insured, to the Taiwanese subsidiary, to the Thomson affiliate in Bermuda that owns the vast majority of the subsidiary, or to Thomson SA, the French parent company of both Thomson and its Bermuda affiliate.

The parties filed cross-motions for summary judgment. So far as relevant here, Thomson argued that *contamination* is the "occurrence" that triggers coverage under the CGL policies, so that every insurer who covered Thomson during any part of the time the contamination was occurring is jointly and severally liable with the others—regardless of when any resulting *injuries or damages* became manifest—as our 2001 decision in *Dana* held. But the insurers relied on two subsequent Southern District of Indiana cases holding that under the current industry-standard CGL language, revised slightly from the version at issue in *Dana*, *injuries* are now the coverage trigger-making each insurer liable for only the prorated portion of damages occurring in that insurer's policy periods. *See Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 864 F.Supp.2d 744 (S.D.Ind.2012); *Irving Materials, Inc. v. Ohio Cas. Ins. Co.*, No. 1:03–cv–361–SEB–TAB, 2008 WL 687126 (S.D.Ind. Mar. 10, 2008). The trial court agreed with Thomson and followed *Dana*, and the insurers [1] appealed.

On this issue, a divided panel of the Court of Appeals reversed. The majority followed *Trinity Homes* and *Irving Materials* in holding the policy language here distinguishable from the language discussed in *Dana*. Chief Judge Vaidik, dissenting, saw no substantive difference between these policies and the policy we construed in *Dana*. Both parties sought transfer and we heard oral argument, but a majority of the Court declines to accept transfer.

### Analysis

I believe we are missing an opportunity to definitively settle the proper interpretation of this policy language—a matter of significant Statewide importance, both because it is an insurance industry standard form in widespread use, and because this particular dispute often arises in connection with high-stakes "long tail" environmental claims like this one. Moreover, in my view, the Court of Appeals majority opinion, as well as *Trinity Homes* and *Irving Materials* on which it relied, are wrongly decided in view of the binding precedent we established in *Dana*. As to this issue, I would therefore grant transfer and affirm the trial court consistent with Chief Judge Vaidik's analysis.

Central in my analysis is the settled principle that any ambiguity in an insurance policy must be "construed strictly against the insurer to further the general purpose of the insurance contract to provide coverage." *Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 244 (Ind.2000). And a policy provision is ambiguous "if reasonable persons would differ as to the meaning." *Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 248 (Ind.2005). Together, those principles establish that a coverage limitation, to be effective, must be expressed so unambiguously that no reasonable person could disagree about its meaning.

Applying that principle here, and comparing these policies side-by-side against the language at issue in *Dana*, I agree with the Court of Appeals dissent that the

---

1. At this point, only Insurance Company of North America (INA) (for policies covering 1991 through 1995) and XL Insurance America (for policies covering 2000 through 2005) remain in the case. Thomson's insurers for other policy periods have settled and been dismissed. And INA has settled with Thomson as to defense costs and now challenges only the coverage question. Only XL disputes both coverage *and* defense costs.

subtle changes fall far short of unambiguously "prorating" coverage by making an "injury" the trigger instead of an "occurrence":

| Dana Policies | Thomson's Policies |
| --- | --- |
| . . .Allstate will pay *all sums which [Dana] shall be obligated to pay* by reason of the liability. . .imposed upon [Dana] by law. . *for damages because of [personal injury or property damage]. . .caused by an OCCURRENCE. . . .*" | "a. We will pay *those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' or 'property damage'* to which this insurance applies. . . . |
| "Occurrence". . . is "an accident, event or happening including *continuous or repeated exposure* to conditions *which results, during the policy period,* in *Personal Injury [or] Property Damage.* . .neither expected nor intended from the standpoint of the Insured." | b. This insurance applies to 'bodily injury' and 'property damage' only if: <br><br>(1) The *'bodily injury' or 'property damage' is caused by an 'occurrence'* that takes place in the 'coverage territory'; and <br><br>(2) The 'bodily injury' or 'property damage' occurs *during the policy period.* . . ." <br><br>. . ."Occurrence means an accident, including *continuous or repeated exposure* to substantially the same general harmful conditions." |

*Dana,* 759 N.E.2d at 1057 (emphases added); *Thomson Inc. v. Ins. Co. of N. Am.,* 11 N.E.3d 982, 1003, 1011 (Ind.Ct.App. 2014) (emphases added).

As the above emphases show, the only potentially material changes are that "all sums" has been changed to "those sums," and language related to "during the policy period" has been moved out of the definition of "occurrence" and into the coverage clause in connection with " 'bodily injury' or 'property damage.' " But the essential terms of both policies, when read as a whole, are identical—they cover the insured against legal liability for damages for "personal" or "bodily" injury, caused by an "occurrence," when the injury results "during the policy period." I would therefore grant Thomson's Petition to Transfer, hold the policy language at issue here materially indistinguishable from the language we construed in *Dana* and disapprove the Southern District of Indiana cases holding otherwise, and thus affirm

the trial court as to this issue. Accordingly, I respectfully dissent.

RUCKER, J., joins.