



FILED
Apr 23 2025, 8:45 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Court of Appeals of Indiana

State Farm Mutual Automobile Insurance Company,

*Appellant-Defendant*

v.

Michelle DiPego and Michael DiPego,

*Appellees-Plaintiffs*

---

April 23, 2025

Court of Appeals Case No.
24A-PL-1268

Appeal from the Delaware Circuit Court

The Honorable Thomas A. Cannon, Jr., Judge

Trial Court Cause No.
18C05-2305-PL-47

---

**Opinion by Judge Weissmann**
Judges Vaidik and Mathias concur.

**Weissmann, Judge.**

[1]  This case concerns an electric foot scooter akin to the "Lime" and "Bird" branded scooters available for rent in certain Indiana cities. Someone riding such a scooter (the Scooter) negligently crashed into Michelle DiPego, causing her bodily injury and related damages. Because the unknown rider fled the scene, Michelle sought uninsured motorist (UM) coverage under her State Farm automobile insurance policy (the Policy). Notably, the Policy only provided UM coverage for accidents involving a "land motor vehicle" that was "uninsured."

[2]  State Farm denied Michelle's UM claim, concluding the Scooter was not a "land motor vehicle." Michelle therefore sued State Farm. Among other things, Michelle sought a declaratory judgment that she was entitled to UM coverage under the Policy. The trial court entered partial summary judgment on that issue in Michelle's favor, and State Farm appeals. We find that the Scooter was a "land motor vehicle" under the plain and ordinary meaning of that Policy term and that State Farm waived any challenge to the Scooter's "uninsured" status. We therefore affirm.[1]

---

[1] We conducted oral argument in this case on April 3, 2025, at the Indiana University Maurer School of Law. We thank the law school's administration and students for their generosity in hosting this argument. We also thank the parties' counsel for their participation and advocacy.

## Facts

[3] Michelle is a resident of Muncie, Indiana, but the incident underlying her insurance claim occurred while she was traveling in Baltimore, Maryland. On November 26, 2022, Michelle was walking on a Baltimore city walking path when a female Scooter rider crashed into Michelle from behind and knocked her to the ground. The female rider was accompanied by a male companion, who was riding a second electric foot scooter. Both briefly stopped to help Michelle, but they refused to give their names and ultimately rode off without identifying themselves.

[4] As a result of the collision, Michelle suffered a wrist injury and related damages for which she sought UM coverage from State Farm under the Policy. In pertinent part, the Policy provided:

> We will pay compensatory damages . . . for bodily injury and property damage . . . an insured is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The bodily injury or property damage must be:
>
> a. sustained by an insured; and
>
> b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

App. Vol. II, p. 29 (emphasis omitted from defined terms "we," "bodily injury," "property damage," and "insured").

[5] The Policy defined the term "uninsured motor vehicle" as follows:

> ***Uninsured Motor Vehicle*** means a land motor vehicle:
>
> 1. the ownership, maintenance, and use of which is . . . not insured or bonded for liability at the time of the accident; or
>
> 2. which, with respect to compensatory damages for bodily injury only, the owner and driver of which remain unknown and which causes bodily injury to the insured.

*Id.* at 28.

[6] State Farm denied Michelle's insurance claim, concluding the Scooter was not a "land motor vehicle" and, thus, not an "uninsured motor vehicle" to which the Policy's UM coverage applied. Michelle therefore sued State Farm, seeking a declaratory judgment that she was entitled to UM coverage. She also requested "damages in an amount to compensate [for her] injuries." *Id.* at 14, 88.[2]

[7] Eventually, Michelle and State Farm filed cross-motions for partial summary judgment on the UM coverage issue. The trial court ruled in Michelle's favor, effectively concluding the Scooter met the Policy's definition of "uninsured motor vehicle." The court then certified its ruling as a final judgment under Indiana Trial Rule 54(B).

---

[2] Michelle's husband, Michael DiPego, was also a plaintiff in the lawsuit. But he claimed only a loss of consortium, which is not relevant to this appeal.

## Discussion and Decision

[8] State Farm appeals the entry of partial summary judgment in Michelle's favor on the UM coverage issue. "When reviewing a summary judgment ruling, we use the same standard as the trial court." *State Auto. Mut. Ins. Co. v. Flexdar, Inc.*, 964 N.E.2d 845, 848 (Ind. 2012). "The court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party." *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1289 (Ind. 2006) (internal quotation marks omitted). Summary judgment is appropriate only if "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[9] According to State Farm, partial summary judgment in Michelle's favor was inappropriate because the Scooter was not an "uninsured motor vehicle" under the Policy. As indicated above, the Policy defined the term "uninsured motor vehicle" as having two general requirements: (1) the subject vehicle must be a "land motor vehicle"; and (2) it must be "uninsured" (*i.e.*, either its "ownership, maintenance, and use" are "not insured or bonded for liability" or its "owner and driver . . . remain unknown"). App. Vol. II, p. 28. State Farm claims the Scooter satisfied neither requirement.

## I.    "Land Motor Vehicle" Requirement

[10] State Farm first argues that it, not Michelle, was entitled to partial summary judgment on the UM coverage issue because the Scooter was not a "land motor

vehicle" under the Policy. Though the Policy did not define that term, "insurance contracts are subject to the same rules of interpretation as other contracts." *Ebert v. Ill. Cas. Co.*, 188 N.E.3d 858, 864 (Ind. 2022). Therefore, we must give the term its "plain and ordinary meaning." *Id.*; *see generally Holiday Hosp. Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 577-78 (Ind. 2013) ("Clear and unambiguous policy language is given its ordinary meaning"; "the failure to define a contractual term does not necessarily make that term ambiguous . . . nor does a simple disagreement about the term's meaning.").

[11] The parties agree, as do we, that the term "land motor vehicle" unambiguously means a "motor vehicle" designed to operate on "land." And there seems to be no dispute that the term "land" refers to "the solid part of the surface of the earth." Merriam-Webster's Online Dictionary. *Land*, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/land (last visited Apr. 15, 2025). Thus, our analysis turns on the plain and ordinary meaning of the term "motor vehicle."

[12] Merriam-Webster's Online Dictionary defines "motor vehicle" to mean "an automotive [or self-propelled] vehicle not operated on rails." *Motor Vehicle*, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/motor%20vehicle (last visited Apr. 15, 2025); *see Automotive*, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/automotive (last visited Apr. 15, 2025) (defining "automotive" to mean "self-propelled"); *see also Vehicle*, *Merriam-Webster Online Dictionary*,

https://www.merriam-webster.com/dictionary/vehicle (last visited Apr. 15, 2025) (defining "vehicle" as "a means of carrying or transporting something").

[13] The American Heritage Online Dictionary similarly defines "motor vehicle" to mean "[a] self-propelled conveyance with wheels and a motor, such as a car or truck, for use on roads." *Motor Vehicle, Am. Heritage Online Dictionary*, https://www.ahdictionary.com/word/search.html?q=motor+vehicle (last visit Apr. 15, 2025). Likewise, Black's Law Dictionary defines the term as "[a] wheeled conveyance that does not run on rails and is self-propelled, esp. one powered by an internal-combustion engine, a battery or fuel-cell, or a combination of these." *Vehicle*, *Black's Law Dictionary* (12th ed. 2024) (including definition of "motor vehicle").

[14] State Farm does not dispute that the Scooter was a "motor vehicle" under these general dictionary definitions of the term. Rather, State Farm claims these dictionaries do not provide the term's plain and ordinary meaning. For that, State Farm points to Indiana's Motor Vehicle Code, which defines "motor vehicle" in multiple ways, all excluding an "electric foot scooter." Ind Code § 9-13-2-105. Most notably, Indiana Code § 9-13-2-105(a), states:

> "Motor vehicle" means . . . a vehicle that is self-propelled. **The term does not include** a farm tractor, an implement of agriculture designed to be operated primarily in a farm field or on farm premises, an electric bicycle, **an electric foot scooter**, or an electric personal assistive mobility device.

(Emphasis added).[3]

[15] Because we interpret insurance policies "from the perspective of an ordinary policyholder of average intelligence," we find the general dictionary definitions above controlling in this case. *Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 246 (Ind. 2005). And based on those definitions, we have little trouble concluding that the Scooter was a "land motor vehicle" under the plain and ordinary meaning of the term.

## II.   "Uninsured" Requirement

[16] State Farm alternatively argues that Michelle was not entitled to partial summary judgment because there remain genuine issues of material fact as to whether the Scooter was "uninsured." But as State Farm's counsel acknowledged during oral argument, State Farm did not challenge the Scooter's "uninsured" status on summary judgment below. State Farm's briefing only argued the "land motor vehicle" issue, and during the summary judgment hearing, State Farm's counsel confirmed to the trial court that the "uninsured" requirement was "not in dispute." Tr. Vol. II, p. 10.

[17] "[A]n argument or issue not presented to the trial court is generally waived for appellate review." *GKC Ind. Theatres, Inc. v. Elk Retail Invs., LLC*, 764 N.E.2d

---

[3] Indiana Code § 9-13-2-105(b) and (c) define the term "motor vehicle" somewhat differently "for purposes of IC 9-21 [Traffic Regulation]" and "IC 9-32 [Dealer Services]," respectively. But those definitions also state: "The term does not include an electric foot scooter." Ind. Code § 9-13-2-105(b), (c); *see also* Ind. Code § 9-13-2-196(a)(4) (defining "vehicle" but stating "[t]he term does not include . . . [a]n electric foot scooter").

647, 651 (Ind. Ct. App. 2002). "The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Id.* "Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case." *Id.*

[18] As the trial court never had the opportunity to consider whether the Scooter was "uninsured," State Farm waived the issue for appellate review. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) ("Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived."). We therefore affirm the entry of partial summary judgment in Michelle's favor on the UM coverage issue.

[19] Affirmed.

Vaidik, J., and Mathias, J., concur.

ATTORNEYS FOR APPELLANT

Crystal G. Rowe
Jacob W. Zigenfus
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEY FOR APPELLEE

Michael C. Peek
The Peek Law Firm
St. Petersburg, Florida