James B. DUNN, on behalf of himself and others similarly situated, Appellant–Plaintiff,

v.

MERIDIAN MUTUAL INSURANCE COMPANY, an Indiana Corporation n/k/a State Automobile Mutual Insurance Company, an Ohio Corporation, Appellees–Defendants.

No. 49A02–0208–CV–621.

Court of Appeals of Indiana.

June 21, 2004.

Jay P. Kennedy, Kroger, Gardis & Regas, LLP, Indianapolis, IN, Andrew S. Friedman, Elaine A. Ryan, Bonnett, Fairbourn, Friedman & Balint, P.C., Phoenix, AR, Attorneys for Appellant.

Arthur P. Kalleres, Robert L. Gauss, Brent W. Huber, Ice Miller, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

James B. Dunn appeals the dismissal with prejudice of his breach of contract complaint [1] against Meridian Mutual Insurance Co. Dunn raises four issues on appeal, which we consolidate and restate as whether the uninsured motorist provision of Dunn's policy obliged Meridian Mutual to pay for the "diminished value" of Dunn's car after an accident, as well as the cost to repair it.

We reverse and remand.[2]

## FACTS[3]

On March 16, 2001, Dunn was involved in an accident with an uninsured

---

1. Dunn brought this complaint as a class action, but the complaint was dismissed before it was certified as such.

2. On February 6, 2003 the parties jointly petitioned for a Stay of Consideration so that they could engage in alternative dispute resolution. We granted the stay. On February 2, 2004, Dunn submitted a Status Report and Request for Consideration of Appeal informing us the parties' negotiations had proven unsuccessful and asking that we proceed with our consideration of the appeal. We grant the Request for Consideration of Appeal and accordingly lift the Stay of Consideration.

3. We remind both counsel that a statement of facts should be a concise narrative of the facts stated in a light most favorable to the judgment and should not be argumentative.

motorist. Dunn was driving his 1998 Cadillac, which Meridian Mutual insured. Meridian Mutual's adjustor determined Dunn's car needed repairs that were estimated to cost $3,108.30 and Meridian Mutual paid for the repairs. It also waived Dunn's $500 deductible.

The uninsured motorist coverage part of Dunn's policy, Part C, provides Meridian Mutual "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner of an 'uninsured motor vehicle' because of ... 'Property damage' caused by an accident[.]" (App. at 110.) Part C of the policy also provides "[n]o payment [under Part C] will be made for loss paid or payable to the 'insured' under Part D of the policy." (*Id.* at 111.) Part D of the policy is captioned "Coverage for Damage to Your Auto." (*Id.* at 104.) Under Part D, Meridian Mutual's liability was limited to:

[T]he lesser of the:

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.

(*Id.* at 106.)

## DISCUSSION AND DECISION

This court recently addressed whether policy language identical to that in Dunn's policy might obligate an insurer to not only restore to the insured a vehicle of similar physical condition, but also to restore to the insured "a similar value as prior to the damage." *Allgood v. Meridian Security*

*County Line Towing, Inc. v. Cincinnati Ins. Co.,* 714 N.E.2d 285, 289–90 (Ind.Ct.App. 1999), *trans. denied* 735 N.E.2d 219 (Ind. 2000). The Statements of the Facts both counsel offer us are, by contrast, transparent attempts to discredit the other party's argument; they are clearly not intended to be a vehicle for informing this court. Dunn, for example, offers as a "fact" the following:

*Ins. Co.,* 807 N.E.2d 131, 138 (Ind.Ct.App. 2004). We determined it might, and accordingly reversed the dismissal of Allgood's class action lawsuit.

Allgood, like Dunn, alleged Meridian breached a duty under an automobile insurance policy to pay for a loss to her automobile by paying only for repairs and not also for diminution in value. We noted this was a question of first impression in Indiana and that other jurisdictions are divided on this issue. After reviewing the decisions cited by the parties, we agreed with those jurisdictions that have held the insurer responsible under similar policies for restoring value as well as condition to the insured:

The limit of liability provision allowing the insurer "to repair or replace with like kind and quality" could reasonably mean, as Meridian posits, to restore to the insured a vehicle in a similar condition in appearance and function. However, it could also reasonably mean, as Allgood urges, to restore to the insured a vehicle similar in appearance, function *and* value.

"Like" is defined as "[p]ossessing the same or almost the same characteristics; similar ...; [a]like ...; [h]aving equivalent value or quality." American Heritage Dictionary (4th ed.2000). "Kind" is defined as "[f]undamental, underlying character as a determinant of the class to which a thing belongs; nature or essence." *Id.* "Quality" is defined as "[d]egree or grade of excellence: [as in]

"Meridian breached its contractual obligation and failed to compensate Appellant for damages to which he was legally entitled[.]" (Appellant's Br. at 3.) Meridian Mutual offers the following as a "fact": "Meridian asserts Mr. Dunn is misguided and the trial court agreed that [Meridian Mutual was obliged to pay only repair or replacement costs]." (Br. of Appellee at 1.)

*yard goods of low quality." Id.* "Like kind and quality" therefore includes some inherent concept of value.

*Id.* at 136 (emphasis in original) (footnotes omitted).

We accordingly concluded that policy language providing an insurer may, at its option, repair or replace a damaged vehicle with "like kind and quality" could be construed to include not only restoring to the insured a vehicle of similar physical condition, but also restoring to the insured a vehicle of similar value as prior to the damage. *Id.* at 136.

The trial court therefore erred in granting Meridians motion to dismiss Dunns complaint. We remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and NAJAM, J., concur.