Christina M. ALLGOOD, Individually and on behalf of all others similarly situated, Appellant–Plaintiff,

v.

MERIDIAN SECURITY INSURANCE COMPANY, Appellee–Defendant.

No. 49A02–0307–CV–580.

Court of Appeals of Indiana.

Aug. 4, 2004.

Irwin B. Levin, Scott D. Gilchrist, Eric S. Pavlack, Cohen & Malad, LLP, James Keller, Keller & Keller, James H. Young, Young & Young, Indianapolis, IN, Attorneys for Appellant.

Karl L. Mulvaney, Nana Quay–Smith, Candace L. Sage, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

Robert B. Clemens, George T. Patton, Kathleen I. Hart, Bose McKinney & Evans, LLP, Indianapolis, IN, Attorneys for Amici Curiae.

## OPINION ON REHEARING

ROBB, Judge.

Meridian Security Insurance Company insured a vehicle owned by Christina Allgood. After the vehicle sustained a loss, Meridian paid for repairs but refused to pay for the diminished value of the vehicle. Allgood sued, seeking a diminution in value payment. The trial court dismissed her complaint for failure to state a claim upon which relief could be granted. On appeal, we held that Allgood was entitled to a diminution in value payment upon proper proof, and therefore reinstated her complaint and remanded to the trial court for further proceedings. *Allgood v. Meridian Security Ins. Co.,* 807 N.E.2d 131 (Ind.Ct. App.2004). Meridian has petitioned for rehearing, and the Insurance Institute of Indiana, Property Casualty Insurers Association of America, and National Association of Mutual Insurance Companies, all insurance trade associations, have moved to appear as *amici curiae* substantively aligned with Meridian. We grant Meridian's petition and the motion of the proposed *amici curiae* for the limited purpose of addressing certain "practical consequences" predicted by them as a result of the opinion, but reaffirm our earlier decision in all respects.

As Allgood's response to the petition for rehearing points out, most of Meridian's arguments are merely restatements of legal arguments we rejected in the earlier appeal. For instance, Meridian argues again that the plain language of the policy at issue does not provide coverage for diminution in value, and that the weight of authority from other jurisdictions holds that diminution in value is not recoverable. We addressed each of these legal arguments in our earlier opinion and do not need to do so herein. However, we will address the public policy argument Meridian and the *amici curiae* make centering on the negative impact they say the opinion will have on the insurance industry, which is also a new argument.

Meridian notes that what was once a "straightforward process" of evaluating and compensating insureds for repairs to their vehicles will now be an "unworkable framework" of attempting to identify and quantify the vehicle's diminished value. *See* Petition for Rehearing at 15–16. Meridian states that in many cases, the existence and extent of the diminished value will not be determinable until and unless the vehicle is sold at some future date. There is no basis for such an assertion, as property is valued every day for purposes

other than sale of the property. It is true, as Meridian states, that the extent of the loss will depend "upon the age, type, condition, and mileage of the vehicle, the type and extent of the damage, and the nature of quality of the repair." *Id.* at 16. And as with any other insurance claim, the insured may not be satisfied with the settlement offered by the insurer. However, if litigation ensues, the burden of proving the diminished value is on the insured. *See Allgood,* 807 N.E.2d at 138.

The *amici curiae* contend that, based upon their observation of the nationwide phenomenon of diminished value litigation, a flood of class action lawsuits can be expected to follow our decision, the scope of coverage will continue to increase to include intangibles resulting in a windfall to the insured, and a substantial increase in insurance premiums is likely. However, the dire predictions of the *amici curiae* are not borne out by anything other than their unsupported assertions.

Although we acknowledge a potential for dispute in collision damage claims currently pending, we believe that a probable practical consequence of our decision is that insurers will now include an additional exclusion in their policies—one which specifically states that the insurer will not pay for diminution in value. Meridian could always have written its policies to exclude such a loss, but did not.

Subject to these observations, we reaffirm our original opinion.

SULLIVAN, J., concurs.

HOFFMAN, Sr.J., would grant the motion to appear as amici curiae and grant the petition for rehearing without limitation and affirm the trial court's order.