ATTORNEYS FOR APPELLANTS
Jay P. Kennedy
Indianapolis, Indiana

Andrew S. Friedman
Elaine A. Ryan
Phoenix, Arizona

ATTORNEYS FOR APPELLEES
Karl L. Mulvaney
Nana Quay-Smith
Candace L. Sage
Indianapolis, Indiana

Arthur P. Kalleres
Robert L. Gauss
Brent W. Huber
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0510-CV-500

JAMES B. DUNN, ON BEHALF OF HIMSELF
AND OTHERS SIMILARLY SITUATED,

*Appellants (Plaintiffs below),*

v.

MERIDIAN MUTUAL INSURANCE COMPANY,
AN INDIANA CORPORATION N/K/A STATE
AUTOMOBILE MUTUAL INSURANCE COMPANY,
AN OHIO CORPORATION,

*Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D11-0112-CP-2087
The Honorable John F. Hanley, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0208-CV-621

**October 27, 2005**

**Boehm, Justice.**

We hold that uninsured motorist coverage of an automobile policy covers the liability of an uninsured motorist to the insured. If the insured's vehicle is damaged by an uninsured motor-

ist and the insurer chooses to repair the vehicle, the insurer must pay any diminished value of the insured's vehicle, in addition to any costs of repair up to the policy limits.

## Factual and Procedural Background

In March 2001, James Dunn, a Tennessee resident, was involved in an accident in Tennessee. The record does not include any other information about the accident, but the parties agree that Dunn's uninsured motorist (UIM) coverage applied. Dunn had $10,000 in UIM coverage with a $200 deductible. Meridian Mutual Insurance Company, Dunn's insurer, inspected his car and paid for $3,108.30 in repairs and waived the deductible. As explained in greater detail, under Allgood v. Meridian Sec. Ins. Co., ___ N.E.2d ___ (Ind. 2005), Meridian's collision coverage is limited to repair or replacement of a damaged vehicle and does not require it to compensate its insureds for any diminution of the value of the car resulting from having been in an accident. Meridian contends that its policy gives its insureds the same result in the case of an accident in which an uninsured motorist is liable to its insured.

Dunn filed a breach of contract claim against Meridian alleging that under his UIM coverage Meridian was required to pay not only for the cost of repairs to his car, but also for the diminished value of the car after the repairs attributable to it having been in an accident. Dunn's claim under UIM is only for the damage to his car including its diminished value, and appears to be in an amount under the UIM limit of $10,000. Dunn also sought certification as a class action. Meridian moved to dismiss for failure to state a claim upon which relief can be granted. Without deciding the class issue, the trial court granted Meridian's motion, finding that the policy was unambiguous and did not provide coverage for diminished value.[1] The Court of Appeals decided this case before we handed down our opinion in Allgood. Relying on its decision in that case, Allgood v. Meridian Sec. Ins. Co., 807 N.E.2d 131, 138 (Ind. Ct. App. 2004), aff'd by 812 N.E.2d 1065 (Ind. Ct. App. 2004), the Court of Appeals reversed and remanded. Dunn v. Meridian Mut. Ins. Co., 810 N.E.2d 739, 740 (Ind. Ct. App. 2004). We grant transfer.

## Applicable Law

---

[1] The trial court purported to grant Meridian's motion to dismiss under Trial Rule 12(B)(6). Because documents other than the complaint were submitted to the trial court the disposition is treated as a grant of a motion for summary judgment. See Ind. Trial Rule 12(C).

An insurance policy is governed by the law of the principal location of the insured risk during the term of the policy.  <u>Hartford Accident & Indem. Co. v. Dana Corp.</u>, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997), <u>trans. denied</u>; <u>see also</u> <u>Restatement (Second) of Conflict of Laws</u> § 193 (1971).  Because Dunn was a Tennessee resident at the time he took out the policy, his claim is grounded in the law of Tennessee.  Specifically, by issuing a policy to a Tennessee resident, Meridian, which was domiciled in Indiana, became subject to the Tennessee UIM statute.  <u>See</u> <u>United Farm Bureau Mut. Ins., Co. v. Hanley</u>, 172 Ind. App. 329, 360 N.E.2d 247 (1977), <u>trans. denied</u> (Farm Bureau, domiciled in Iowa, was subject to Indiana's UIM statute); <u>Dunn v. Hackett</u>, 833 S.W.2d 78 (Tenn. Ct. App. 1992) (State Farm, domiciled in Illinois, was subject to Tennessee's UIM statute).

Tennessee and Indiana doctrines of insurance policy interpretation appear to be the same.  An insurance policy is a contract, and as such is subject to the same rules of construction as other contracts.  <u>Allstate Ins. Co. v. Dana Corp.</u>, 759 N.E.2d 1049, 1054 (Ind. 2001); <u>McKimm v. Bell</u>, 790 S.W.2d 526, 527 (Tenn. 1990).  Interpretation of a contract is a pure question of law and is reviewed de novo.  <u>Harrison v. Thomas</u>, 761 N.E.2d 816, 818 (Ind. 2002); <u>State ex rel. Pope v. U.S. Fire Ins. Co.</u>, 145 S.W.3d 529, 533 (Tenn. 2004).  If its terms are clear and unambiguous, courts must give those terms their clear and ordinary meaning.  <u>Am. States Ins. Co. v. Kiger</u>, 662 N.E.2d 945, 947 (Ind. 1996); <u>Ralph v. Pipkin</u>, No. 2004-0179-COA-R3-CV, 2005 Tenn. App. LEXIS 287, at *6 (Tenn. Ct. App. May 17, 2005).  Courts should interpret a contract so as to harmonize its provisions, rather than place them in conflict.  <u>Whitaker v. Brunner</u>, 814 N.E.2d 288, 294 (Ind. Ct. App. 2004), <u>trans. denied</u>; <u>S. Cast Stone Co. v. Adams</u>, No. 1369, 1990 Tenn. App. LEXIS 862, at *15 (Tenn. Ct. App. Dec. 12, 1990).  When interpreting an insurance contract courts must look at the contract as a whole.  <u>Meridian Mut. Ins. Co. v. Ritchie</u>, 540 N.E.2d 27, 29 (Ind. 1989); <u>Ind. Farmers Mut. Ins. Co. v. Imel</u>, 817 N.E.2d 299, 304 (Ind. Ct. App. 2004); <u>Winfree v. Educators Credit Union</u>, 900 S.W.2d 285, 289 (Tenn. Ct. App. 1995).

The law governing UIM coverage is also the same for these purposes.  Like Indiana, Tennessee requires insurers to offer UIM coverage to its drivers.  <u>See</u> Ind. Code § 27-7-5-3 (2004); Tenn. Code Ann. § 56-7-1201 (2005).  The purpose of UIM statutes "is to protect drivers from uninsured and under-insured motorists."  <u>Gaston v. Tenn. Farmers Mut. Ins. Co.</u>, 120 S.W.3d 815, 821 (Tenn. 2003).  <u>Accord</u> <u>Corr v. Am. Family Ins.</u>, 767 N.E.2d 535, 540 (Ind.

2002) (The purpose of UIM statutes "is to give the insured the recovery he or she would have received if the underinsured motorist had maintained an adequate policy of liability insurance." (citing 12 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 171:2 (1995))); Kirk v. Lowe, 70 S.W.3d 77, 80 (Tenn. Ct. App. 2001) (UIM statutes "gives the insured motorist the protection he would have had if the alleged tortfeasor had assumed his own financial responsibility by purchasing liability insurance."). Thus, UIM coverage gives the victim of an accident with an uninsured motorist the right to recover the damages the victim would have recovered from the uninsured motorist, up to the limits of the UIM coverage liability.

In sum, although we conclude that Tennessee's UIM statute and Tennessee doctrines of contract interpretation govern this case, the parties do not suggest any difference between the law of Indiana and that of Tennessee, and we see no basis to conclude that there is any.

## UIM Coverage for Diminished Value

Dunn contends that Part C of his policy, entitled "Uninsured Motorists Coverage" applies to his claim. Part C provides:

> A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of:
> 1. "Bodily injury" sustained by an "insured" and caused by an accident; and
> 2. "Property damage" caused by an accident if the Schedule of Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies.

Meridian responds that it paid Dunn's claim under its collision ("Part D-Coverage for Damage to Your Auto") coverage. Meridian argues that under Part D Meridian's liability is limited to:

> [T]he lesser of the:
> 1. Actual cash value of the stolen or damage property; or
> 2. Amount necessary to repair or replace the property with other property of like kind and quality.

This "Limit of Liability" provision applies by its terms only to "Part D" i.e., to the collision coverage. It does not, therefore, come into play as to UIM ("Part C") coverage.

4

The Court of Appeals assumed that the "Limit of Liability" in Part D applied to Dunn's claim but concluded, consistent with the Court of Appeals' holding in <u>Allgood</u>, that the obligation to "repair or replace the property with other property of like kind and quality" included coverage for diminished value. <u>Dunn</u>, 810 N.E.2d at 740. Accordingly, the Court of Appeals held that Dunn was entitled to recover the amount of any diminished value of his car resulting from the accident and repair.

In <u>Allgood</u>, we reversed the Court of Appeals' ruling on which the Court of Appeals relied here. Specifically, we held that the collision coverage of a policy similar to Dunn's did not include payment for diminution in value. <u>Allgood</u>, ___ N.E.2d at ___. Here, however, Dunn contends that his claim is not for damage to his automobile, which is subject to Part D's "Limit of Liability" provision that excludes diminution of value in collision coverage. Rather he asserts a right to indemnity under his UIM coverage, which essentially gives him the right to recover from his own insurer the amount for which an uninsured motorist is liable. We agree that Dunn is entitled to recover any diminution in the value of his vehicle resulting from the damage inflicted by an uninsured motorist, subject to the policy limits on Dunn's UIM coverage. The tortfeasor has no "Limit of Liability" comparable to the limitation on Dunn's collision coverage and therefore Dunn is entitled to recover the full amount of his damages from the accident, including any diminution of value of his car after its repair.

Tennessee courts have not addressed whether diminished value is recoverable under language which requires an insurer to pay "compensatory damages which an 'insured' is legally entitled to recover" from an uninsured driver. In <u>Wiese-GMC, Inc. v. Wells</u>, 626 N.E.2d 595, 598 (Ind. Ct. App. 1993), <u>trans. denied</u>, our Court of Appeals followed the Restatement (Second) of Torts in holding that damages recoverable from a tortfeasor who damages property include diminution of value of a repaired chattel. According to <u>Restatement (Second) of Torts</u> § 928 (1977):

> When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for:
> (a) the difference between the value of the chattel before the harm and the value after the harm or, at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and
> (b) the loss of use.

Wiese concluded: "In summary, the fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tortfeasor." 626 N.E.2d at 599; see also Dado v. Jeeninga, 743 N.E.2d 291, 295 (Ind. Ct. App. 2001) (citing Wiese). Meridian argues that Wiese is inapplicable because it dealt with damages in common law tort and Dunn's measure of damages is provided by Dunn's insurance policy. We think, however, that because the terms of that policy promise to pay whatever an insured is legally entitled to recover, the policy itself establishes the tort measure of damages as the amount compensable under UIM coverage. We agree with Wiese and the Restatement that in Indiana a tortfeasor is liable for diminution of value of a repaired item. Accordingly, Dunn's UIM coverage for "compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle'" includes indemnity for diminution in value after repairs are completed. We see no basis to distinguish Tennessee law in this respect, and do not find any Tennessee authority to the contrary.

### The Relationship Between Collision and UIM Coverages

Just as Dunn contends that his UIM coverage is the only relevant consideration, Meridian argues that the collision coverage is controlling. We think neither party is correct in arguing for coverage under one Part to the exclusion of the other. Rather, as explained above, Parts C and D can be read in harmony to provide the maximum coverage under either, but no duplication of coverage.

Dunn points out that Tennessee law provides that the $200 deductible in Part C's coverage "does not apply" under certain circumstances, but there is no statutory restriction of the $500 deductible under Part D.[2] Dunn argues that Meridian's waiver of the deductible demonstrates that Meridian was acting under Part C, not Part D, when it paid for repairs to his automobile. Meridian answers that it paid for repairs pursuant to Part D and chose to waive Dunn's $500 collision deductible in satisfaction of Tennessee's "statutory requirements." Meridian does not explain what statutory requirements it cites. The only such requirement we are directed to is the UIM provision. Although Meridian's explanation is less than complete, we are not persuaded that the facts Dunn cites establish that Meridian was, or thought it was, paying benefits under

---

[2] Tenn. Code Ann. § 56-7-1201(c) provides that the $200 deductible shall not apply in certain circumstances. There is no statutory or contractual waiver of Meridian's $500 collision coverage deductible.

6

collision coverage and not under UIM coverage. In any event, whatever Meridian was doing, or thought it was doing, the undisputed fact is that it paid the cost of repairs but not the amount of diminished value. The interpretation of the policy under these circumstances presents a question of law, even if Meridian was acting under a mistaken belief as to the applicable coverage. Moreover, exclusive reliance on UIM would frustrate the collision coverage provisions designed to compensate for the full amount of loss subject only to deductible amounts. Part D imposes no dollar limitation on the amount of compensable damage to Dunn's vehicle, but it does allow the insurer to choose either to pay the insured the actual cash value of the vehicle or to pay the costs of repair or replacement. In contrast, Part C limits the UIM coverage to $10,000. We assume that if the damage to Dunn's car exceeded the $10,000 limit of his UIM coverage, Dunn would seek the full amount of his cost of repair or replacement under the collision provision.

Meridian notes that payments under an uninsured motorist policy must be reduced by the amount of payments received from other sources, and claims that uninsured motorist coverage is a "safety net" meant to fill gaps in insurance coverage, not to permit additional indemnity beyond that provided under other coverages. See Beam v. Wausau Ins. Co., 765 N.E.2d 524, 531 (Ind. 2002); Am. Econ. Ins. Co. v. Motorists Mut. Ins. Co., 605 N.E.2d 162, 164-65 (Ind. 1992) (payments received from other motorist's insurer must be deducted from underinsured motorist coverage limits); Hardiman v. Gov'tal Ins. Exch., 588 N.E.2d 1331, 1335 (Ind. Ct. App. 1992), trans. denied (uninsured motorists benefits can be reduced by "set off" clause by amount of other liability and worker's compensation benefits received). We agree that no duplication is permitted under Indiana law, and find Tennessee law to be the same. See Rogers v. Tenn. Farmers Mut. Ins. Co., 620 S.W.2d 476, 482 n.2 (Tenn. 1981) (The UIM statute allows insurance contracts to contain language "designed to avoid duplication of insurance and other benefits." (citing Tenn. Code Ann. § 56-7-1205)). Meridian points to the provision in Part C that "[n]o payment will be made for loss paid or payable to the 'insured' under Part D of the policy" in support of its contention that it repaired the car pursuant to its collision coverage under Part D, and therefore has no obligation under Part C. We think this provision avoids duplication, but does not purport to import the Part D limits on collision coverage into the Part C UIM coverage. This case does not present an issue of whether other items of recoverable UIM damages—medical payments, personal injury, etc.—duplicate the amount insured under other provisions of the policy, or how the policy would respond to claims that duplicate but also exceed the UIM limit.

7

Finally, Meridian contends that UIM does not extend the other coverages in its policy beyond their terms. But, unless the policy so provides consistent with the statute, it also does not limit the other coverages, or subject itself to their limits. UIM provides the liability coverage that is missing as to an uninsured motorist. If an insured incurs damages recoverable from an uninsured motorist beyond the insured's collision coverage, there are "damages" in addition to the "loss" that is "payable" under the Part D collision coverage. As we held in Allgood, collision coverage does not include diminished value. ___ N.E.2d at ___. As a result, this element of damages is recoverable under UIM coverage by the terms of the policy, even if, as Meridian claims, it "paid" for the repair under its collision provision. In simple terms, Part C's "Limit of Liability" provision protects Meridian from paying the same repair cost under both Parts C and D, but it does not limit Meridian's liability for "damages" recoverable under UIM coverage that do not duplicate collision coverage.

## Conclusion

The ruling of the trial court is reversed. This case is remanded for further proceedings, including a determination as to whether it may proceed as a class action.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ. concur.