STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY,
Appellant–Defendant,

v.

Troy D. COX, Appellee–Plaintiff.

No. 22A04–0607–CV–409.

Court of Appeals of Indiana.

Sept. 7, 2007.

Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, J. Todd Spurgeon Kightlinger & Gray, LLP, New Albany, IN, Attorneys for Appellant.

Barry N. Bitzegaio, Lorch & Naville, LLC, New Albany, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

State Farm Mutual Automobile Insurance Company ("State Farm") appeals the order awarding to its insured, Troy D. Cox, the sum of $50,000.00 deposited with the trial court by Kentucky National Insurance Company ("Kentucky") on behalf of Aaron McCauley.

We affirm.

### ISSUE[1]

Whether the trial court erred in applying the law to the facts.

### FACTS

On November 11, 1998, a vehicle driven by Stephanie Hunt struck a vehicle driven by Aaron McCauley. Cox was a passenger in McCauley's vehicle. The collision resulted in Ms. Hunt's death and personal injuries to McCauley and Cox.

At the time of the collision, Cox was insured by State Farm with uninsured motorist and liability limits of $100,000.00 per person and medical payments coverage of $25,000.00 per person. The vehicle operated by McCauley was insured by Kentucky, with limits of $50,000.00 per person/$100,000 per accident coverage and $5,000.00 in medical payments. However, Kentucky initially disputed the policy's coverage based on questions regarding McCauley's residence.

An investigation determined that Hunt was uninsured. State Farm paid its policy limits of $25,000.00 in medical payments on behalf of Cox. By September 14, 2000, State Farm had also paid to Cox the sum of $100,000.00 under the uninsured motorist coverage provisions of Cox's policy with State Farm, and Cox had executed for State Farm a Release and Trust Agreement ("Release").

On November 13, 2000, by counsel, a complaint was filed on behalf of Cox and State Farm against McCauley, Kentucky, and Hunt's estate. The complaint alleged that both Hunt and McCauley were negligent, causing Cox's injuries; that Hunt was uninsured; and that Kentucky had breached its obligation to pay uninsured motorists benefits to Cox as "an insured under" its policy. (App.19).

The next day, new counsel appeared solely for State Farm; Cox retained original counsel. On September 26, 2002, State Farm filed a motion for summary judgment. State Farm argued that pursuant to the Release, only State Farm now had the right to recover from Kentucky or McCauley. In response, Cox argued that the Release "simply preserved the contractual subrogation rights of State Farm under their policy of insurance." (App.41). The trial court denied the motion.

On March 4, 2004, both Kentucky and McCauley filed a motion with the trial

---

appellate brief to contain a "Statement of Issues."

court, asserting that "limited proceeds of insurance" existed "to satisfy any and all claims." (App.68). The motion further stated that the parties had "reached an agreement" to "deposit said funds with the Clerk of the Court with the distribution of said funds to be determined" by the trial court. (Tr. 69). Accordingly, they sought to deposit the sum of $50,000.00 with the trial court. The motion was granted, and Kentucky and McCauley were discharged from further liability.

On June 15, 2004, Cox sought leave to amend his complaint. On November 18, 2004, Cox filed his amended complaint. Cox again alleged that both Hunt and McCauley had been negligent. The amended complaint added State Farm as a defendant, and noted that Cox had received from State Farm $100,000.00 for uninsured motorist bodily injury coverage and $25,000.00 for medical payments. The amended complaint further alleged that pursuant to Cox's policy, State Farm was not entitled to subrogation or recovery rights until Cox had fully recovered all of his compensatory damages; that his damages had exceeded $175,000.00; and that State Farm was "entitled to no recovery" from the $50,000.00 deposited with the trial court by Kentucky. (App.77).

On March 31, 2005, State Farm filed its second motion for summary judgment. State Farm argued that it should be granted summary judgment because the provisions in both Cox's policy with State farm and Kentucky's policy limited Cox's recovery to $100,000.00. Cox responded that according to the provisions of his policy, State Farm's right to recover did not apply until he had been fully compensated for his injuries, and the "only issue" was "whether the amount of payment" had fully compen-

sated him for the injuries and damages he suffered as a consequence of the accident. (Tr. 178). The trial court denied the motion, finding there existed "a genuine issue of material fact and that" State Farm was "not entitled to judgment as a matter of law." (App.17).

Subsequently, bench trial took place on January 20, 2006. Counsel for Cox stipulated that he had received $100,000.00 in payment from State Farm for uninsured motorist coverage,[2] $25,000.00 from State Farm for medical payments coverage, and $5,000.00 from Kentucky for medical payments coverage. All evidence previously submitted to the trial court with respect to the summary judgment motions was deemed admitted. Without objection, Cox testified as to his injuries, his medical expenses, and his lost income. State Farm argued that the $130,000.00 Cox had already received from it was "the most he was ever entitled to under the [State Farm and Kentucky] policies," and that the $130,000.00 "sufficiently compensates him for any injury and damage that he sustained in this accident." (Tr. 80, 125). At the conclusion of the trial, State Farm renewed its motion for summary judgment, which was denied. The trial court took the matter under advisement.

The trial court issued a preliminary order on March 23, 2006, finding that Cox suffered $182,000.00 in injuries and damages. On August 7, 2006, it issued its final order and judgment. The trial court held that Cox had "not been fully compensated" by his receipt of $130,000.00 in payments from State Farm because his "total damages were ... $182,000.00, nor would he be wholly compensated after the payment of" the $50,000.00 deposited by Kentucky

2. Counsel for State Farm confirmed that the payment was for "uninsured motorist coverage," (Tr. 77);

with the trial court. (App.21). It then held that pursuant to its own policy, State Farm's "sole available remedy" to access the $50,000.00 on deposit with the court was "an action in subrogation, claiming through ... Cox"; however, "by the express terms of the policy, such right of recovery does not exist until Cox has been made whole, or fully compensated for all injuries suffered." (App.22). The trial court then concluded that "[a]s this has not happened, and will not happen, State Farm is not entitled to any of the" $50,000.00. *Id.* It ordered the funds distributed to Cox.

## DECISION

State Farm appeals "from both the denial of State Farm's second summary judgment motion and the final judgment of the trial court." State Farm's Br. at 8. It asserts that the "facts in this case are uncontested," and that the trial court "committed clear error in applying the law to the facts." *Id.* at 7.

On the appeal from the denial of a motion for summary judgment, if the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law. *Clary v. Lite Machines Corp.*, 850 N.E.2d 423, 430 (Ind.Ct.App.2006). Further, when there are no disputed facts with regard to the motion for summary judgment and the question presented is a pure question of law, we review the matter de novo. *Id.* Similarly, in reviewing the final judgment of a trial court, its conclusions of law are reviewed de novo. *Briles v. Wausau Ins. Companies*, 858 N.E.2d 208, 213 (Ind.Ct. App.2006).

An insurance policy is a contract; as such, it is subject to the same rules of construction as other contracts. *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind.2005). The interpretation of a contract is a pure question of law and is reviewed de novo. *Id.* If its terms are clear and unambiguous, courts must give those terms their clear and ordinary meaning. *Id.* Courts should interpret a contract so as to harmonize its provisions, rather than place them in conflict. *Id.* at 252. Further, when interpreting an insurance contract, "courts must look at the contract as a whole." *Id.*

Therefore, we consider de novo the question of law posed: pursuant to the terms of the contract, the contract here being the policy of insurance between State Farm and Cox, is Cox or State Farm entitled to the $50,000.00 deposited with the trial court by Kentucky?

State Farm begins by reminding us that it had already paid Cox $100,000.00.[3] It then argues that the $50,000.00 deposited with the trial court by Kentucky

> could only have been (1) a payment of the $50,000.00 limit of the liability insurance covering McCauley against the claims of negligence asserted by Cox against McCauley, or (2) payment of the $50,000.00 limit of liability of the uninsured motorist insurance covering Cox (as a passenger in McCauley's vehicle) for injuries caused by the negligence of Hunt.

State Farm's Br. at 7. State Farm contends that under the first alternative, if

---

**3.** In its counterclaim, State Farm agreed that its payment of $100,000 to Cox was "the uninsured policy limit." (App.85). In its memorandum supporting its second motion for summary judgment, State Farm asserted that its $100,000 payment "constitute[d] the policy limits of uninsured motorist bodily injury protection." (App.96). At trial, State Farm's counsel confirmed to the trial court that the $100,000 payment was for "uninsured motorist coverage." (Tr. 77).

the Kentucky funds are payment for liability coverage based on McCauley's negligence, then it is entitled to recover the $50,000.00 because its policy limits of UM/UIM coverage must be reduced by the $50,000 paid by Kentucky-pursuant to the terms of the State Farm policy whereby the policy limits in its policy are compared to those in Kentucky's, as authorized by Indiana law. *Id.* Alternatively, if the funds are payment for the uninsured motorist coverage of Kentucky's policy, State Farm argues that it "is entitled to the $50,000.00 because the total amount of uninsured benefits payable pursuant to the terms of both policies," which contain anti-stacking terms, is $100,000.00—the amount which Cox has already received. *Id.* Under either scenario, State Farm asserts that it is entitled to receive the funds.

However, notwithstanding that both policies of insurance do contain anti-stacking provisions, and that said provisions therein are authorized by statute, State Farm's argument fails to acknowledge or address the fact that it necessarily stands before the court clothed in subrogation rights pursuant to its own policy with Cox and the Release. Subrogation has been defined as

> the principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy.

*Black's Law Dictionary,* 1467 (8th ed.2004). Thus, State Farm is seeking to recover funds that it paid "under" the insurance policy with respect to a "loss covered by the policy." *Id.*

Nevertheless, in its reply, State Farm argues that this "is not a subrogation case" but it is merely "seeking to recover the money it overpaid to Cox" and "seeking the return of money Cox was not entitled

to." Reply at 2, 3. However, it provides no authority for the proposition that its efforts seeking to recover money from Cox renders inapplicable the policy of insurance between Cox and State Farm. Moreover, State Farm argues that its "entitlement" to the funds is based on the policy. However, we find that the relationship between Cox and State Farm is grounded in the policy, and a term of the policy is its subrogation provision.

The Release, drafted by State Farm and subsequently executed by Cox, provided that Cox agreed to "hold in trust for the benefit of [State Farm] all rights or recovery, which he[ ] shall have against any person or organization legally liable for" injury suffered in the November 11, 1998 accident, and that State Farm was "authorized to take any action which may be necessary in law or in equity in the name of the undersigned against any such person or organization." (App.39). Thus, in the instant action, it appears that State Farm's claim to the $50,000.00 from Kentucky was made as subrogee.

State Farm's policy provides as follows:

Under our uninsured motor vehicle coverage:

(1) we are subrogated to the extent of our payments of the proceeds of any settlement the injured person recovers from any party liable for the bodily injury or property damage.

(2) if the person to or for whom we have made payment has not recovered from the party at fault, he or she shall:

(a) keep these rights in trust for us;

(b) execute any legal papers we need; and

(c) when we ask, take action through our representative to recover our payments.

We are to be repaid our payments costs and fees of collection out of any recovery.

*Our right to recover our payments under uninsured motor vehicle coverage applies only after the insured has been fully compensated* for the bodily injury or property damage.

(App.136) (emphasis added). This emphasized language above is in the final section of the insurance policy, entitled "Conditions." Hence, it follows the specific provisions cited and argued by State Farm.

The Release, also prepared by State Farm, contained no additional language referring to the anti-stacking or combination-of-coverage limitations. Nor did the Release state that in the pursuit by State Farm of recovery against "any person or organization liable" through subrogation, it would repay itself first for the payment made to and received by Cox. (App.39).

 The trial court found that State Farm's claim to the $50,000.00 was one of subrogation, and we agree. The policy provides that State Farm may recover its uninsured motor vehicle coverage payments "only after the insured has been fully compensated." (App.136). Whether Cox had "been fully compensated" remained a material question of fact when State Farm made its second motion for summary judgment. After trial, the trial court determined that Cox's damages totaled $182,000.00 and that he had only received a total of $130,000.00 to date from State Farm. Therefore, pursuant to the terms and the "Conditions" of State Farm's policy, (App.136), Cox had not been fully compensated, and State Farm was not entitled to any of the $50,000.00 made available by Kentucky.

The policy contains "clear and unambiguous" language regarding State Farm's ability to recover payments from its insured. *Dunn,* 836 N.E.2d at 251. Specifi-

cally, the provision states that State Farm's "right to recover [its] payments under uninsured motor vehicle coverage applies only after the insured has been fully compensated." (App.136). The provision does not reference its earlier anti-stacking and policy-to-policy comparison limitations. Observing its obligation to read the policy as a whole and to interpret the policy so as to harmonize its provisions rather than place them in conflict, *Dunn,* 836 N.E.2d at 251, the trial court did not err as a matter of law in concluding that State Farm was not entitled to the $50,000.00 because, after having received $130,000.00, Cox had not been fully compensated for the $182,000 in damages he suffered as a result of the accident.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.